# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | |
|---|---|
| AREPET EXPRESS, LLC, § § *Plaintiff*, § § v. § § UNITED STATES SMALL BUSINESS § ADMINISTRATION *et al.*, § § *Defendants*. § | No. 7:22-cv-195 |

## DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING *SEVILLE INDUSTRIES V. SBA* AND OPPOSITION TO PLAINTIFF'S MOTION TO STAY PENDING UNITED STATES SUPREME COURT PETITION
## (DOCKET NO. 76)

Dated: January 9, 2026

Respectfully submitted,

**NICHOLAS J. GANJEI**
United States Attorney
Southern District of Texas

By: *s/ Alyssa Iglesias*
**ALYSSA IGLESIAS**
Assistant United States Attorney
Southern District of Texas No.: 3610302
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Alyssa.Iglesias@usdoj.gov
Attorney in Charge for Defendant

## INTRODUCTION

Pursuant to the Court's November 19, 2025 Order, Defendants submit this Supplemental Brief addressing the impact of the decision of the United States Court of Appeals for the Fifth Circuit in *Seville Industries, L.L.C. v. United States Small Business Administration, et al.*, 144 F.4th 740 (5th Cir. 2025), *reh'g denied*, on the case pending before this Court. Plaintiff acknowledges in its Supplemental Brief that the central legal issue in this lawsuit is addressed by the decision of the Fifth Circuit in *Seville*. Dkt. No. 76 at 2. However, Plaintiff disagrees with the Fifth Circuit's decision. Despite Plaintiff's disagreement, this Court is bound by the decision of the Fifth Circuit.

In its Supplemental Brief, Plaintiff also requests a further stay of a ruling in this case asserting that "the same legal question at issue here will likely soon be before the U.S. Supreme Court – in a forthcoming petition for certiorari challenging a similar ruling by the U.S. Court of Appeals for the Sixth Circuit." Dkt. No. 76 at 2. Defendants oppose the request to stay this case further when there is no case currently pending before a higher court.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about April 4, 2020, Plaintiff applied for, obtained its lender's approval of, and secured SBA's guarantee for, a Paycheck Protection Program ("PPP") loan in the amount of $1,360,000.00. AR at 00026, 00028, 01120. Plaintiff received the loan proceeds on or about April 10, 2020. *Id.* at 00021, 00951, 01120. However, in calculating its loan amount, Plaintiff included as payroll costs its expenses incurred for the services of independent contractors. *Id.* at 00002, 00003, 00330, 00905.

Plaintiff applied for forgiveness of its loan on April 15, 2021, *Id.* at 00951, which SBA granted in part on November 26, 2021, in the amount of $694,791.00. *Id.* at 00011, 00026. In its

decision SBA explained that Plaintiff "was ineligible for the PPP loan amount [it] received," because its loan calculation "included payments to … independent contractors." *Id.* at 00026-27. SBA therefore "limited forgiveness to th[e] eligible loan amount." *Id.* at 00026. Plaintiff appealed to SBA's Office of Hearings and Appeals ("OHA"), arguing that it had "adhered to all [SBA] guidelines" in place when it applied for its loan, and that the independent-contractor rule stated in the First PPP IFR was not effective until April 15, 2020, after its loan was approved. *Id.* at 00002, 01122, 01123. On April 22, 2022, OHA denied Plaintiff's appeal, concluding that its payments to its independent contractors were not countable in determining the amount of its loan. *Id.* at 01115, 01125.

On June 21, 2022, Plaintiff filed its Complaint against Defendants in this case. Dkt. No. 1. As Plaintiff states in its Supplemental Brief, Plaintiff and Defendants both moved for summary judgment. *See* Dkt. Nos. 5 and 58. Both motions have been fully briefed. Dkt. No. 76 at 3. The Court stayed this case pending the decision by the Fifth Circuit in *Seville* and, in its Order, acknowledged that "the issues of law presented to this Court in [*the summary judgment*] motions are now before the Fifth Circuit Court of Appeals in Docket No. 24-30170, … ." Dkt. No. 67.

On July 15, 2025, the Fifth Circuit issued its decision in *Seville*, affirming the decision of the District Court granting Defendants' Motion for Summary Judgment. 144 F.4th 740 (5th Cir. 2025). On September 12, 2025, Plaintiff filed a petition for rehearing *en banc*, which the Fifth Circuit denied on November 11, 2025. Dkt. No. 76 at 4. On November 19, 2025, this Court entered an Order lifting the stay in this matter and ordering the parties to file Supplement Briefs on the impact of the Fifth Circuit's ruling in *Seville* on this case. Dkt. No.75.

**ARGUMENT**

I.  **THE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT ADDRESSED THE ISSUES OF LAW IN THIS CASE AND THIS COURT IS BOUND BY THAT CIRCUIT COURT'S DECISION.**

Plaintiff obtained a $1,360,000.00 PPP loan in part by claiming as "payroll costs" its payments to independent contractors—payments that Congress intended independent contractors instead claim toward the calculation of their own PPP loans. And by its own admission, Plaintiff did not spend even "a penny" of that loan to support its contractors. Plaintiff nevertheless insists that SBA is statutorily obligated to forgive the entirety of its loan, including the portion based on payments to its independent contractors. But as Defendants explained in their opening brief, under the PPP's definition, a business's payroll costs do not include payments it makes to its independent contractors. And Plaintiff's contrary interpretation clashes with numerous provisions of the CARES Act that do not contemplate the inclusion of payments to independent contractors as a business's payroll costs.

In its decision in *Seville*, the Fifth Circuit stated "[t]he question in this case is whether the CARES Act's reference to 'payroll costs,' 15 U.S.C. § 636(a)(36)(A)(viii), allowed Seville to borrow a federally guaranteed loan for $1.5 million at 1 percent interest on the basis of money it paid to independent contractors, spend not a single cent of it on keeping independent contractors working during the pandemic, and then have those loans forgiven on the back end. The answer is no. That conclusion is supported by … the statute's text and structure and … the statutory scheme more generally. … Seville's contrary reading is unpersuasive."  144 F.4th 740, at 744.

The Fifth Circuit stated, further, that "[t]he statute therefore tells us what 'payroll costs' means for businesses with employees and for independent contractors. … So for businesses or other organizations with a traditional payroll, subsection (aa) defines 'payroll costs' as 'the sum

4

of payments of any compensation with respect to employees' such as wages, tips, leave, severance, insurance, and retirement benefits. 15 U.S.C. § 636(a)(36)(A)(viii)(aa). '[A]nd' for entities *without* traditional payrolls, such as an independent contractor or sole proprietor, subsection (bb) defines 'payroll costs' as 'the sum of payments of any compensation to or income of a sole proprietor or independent contractor that is a wage, commission, income, net earnings from self-employment, or similar compensation.' *Id.* at § 636(a)(36)(A)(viii)(bb)." *Id.*, at 745, *italics in original*. Thus, affirming Defendants' interpretation of the statutory definition of "payroll costs," as well as Defendants' decision to grant partial forgiveness to Plaintiff.

As stated above, in its Order to stay this case pending the Fifth Circuit's decision in *Seville*, this Court acknowledged that "the issues of law presented to this Court in [the summary judgment] motions are now before the Fifth Circuit Court of Appeals … ". Dkt. No. 67.[1] Further, Plaintiff concedes in its Supplemental Brief that the Fifth Circuit's decision in *Seville* addressed the central issue in this case. Dkt. No. 76 at 2. "A district court must apply circuit precedent unless that precedent has been overruled. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3rd 425, 442 (5th Cir. 2000)." *Cargill v. Dir., Tex. Dep't of Crim. Just.-Corr. Insts. Div.,* No. 6:17-cv-562-RWS-JBB, 2025 U.S. Dist. LEXIS 59921, at *19 n. 2 (E.D. Tex. March 31, 2025).

While Plaintiff may believe the Fifth Circuit's decision in *Seville* was "wrongly decided," Dkt. No. 76 at 5, a district court "cannot ignore … Circuit precedent, even if [Plaintiff] thinks it is incorrect. *See*, *e.g., Perez v. Abbott*, 250 F. Supp. 3d 123, 139 (W.D. Tex. 2017) ("[A] district court is bound by a circuit decision unless or until it is overturned by an en banc decision of the circuit court or a decision of the Supreme Court.")." *Peralta v. Dir., Tex. Dep't of Crim. Just.-Corr. Insts. Div.*, 2023 U.S. Dist. LEXIS 196302, at *36 (N.D. Tex. Sept. 28, 2023), *report and*

---

[1] The Order at Dkt. No. 67 was issued by Chief Judge Crane before the case was transferred to Judge Rodriguez.

*recommendation adopted*, No. 3:22-cv-513-S-BN, 2023 U.S. Dist. LEXIS 195322 (N.D. Tex. Oct. 31, 2023).

As noted above, after the Fifth Circuit issued its decision in *Seville* affirming the district court's decision in Defendants' favor, Plaintiff petitioned the Fifth Circuit for rehearing *en banc*. Dkt. No. 76 at 4. The Fifth Circuit denied that request November 11, 2025. *Id.* Thus, the decision has not been overruled by the Circuit Court.

Finally, Plaintiff's argument that a district court decision that reached the opposite conclusion in the Third Circuit and a concurring opinion in a case in the Sixth Circuit "cast significant doubt on the Fifth Circuit's reasoning in *Seville"* is unavailing. The district court case, *Essintial Enterprises*, *supra*, is currently on appeal to the Third Circuit, where it may be overturned. In the *Veltor* case in the Sixth Circuit, the appellate court agreed with the U.S. Small Business Administration's reading of the statutory definition of "payroll costs" and the case was decided in the Government's favor. Plaintiff attempts to rely on a concurring opinion of one judge to "cast significant doubt" on the decision of a panel of judges in the Fifth Circuit. However, while that judge found the specific statutory language in 15 U.S.C. § 636(a)(36)(A)(viii)(bb) less clear, she ultimately agreed with the majority opinion stating "the majority accurately explains that many other provisions of the statute seem to contemplate that an employer's payroll costs include payments to employees only. … Additionally, the SBA made its position on payments to independent contractors clear in its regulations implementing the CARES Act, stating that payments to independent contractors are not 'payroll costs.'" 143 F.4th 727, 740-741 (6th Cir. 2025), *citation omitted*.

Neither the district court case, nor the Sixth Circuit case provides a basis for this Court to ignore the Fifth Circuit's binding decision in *Seville*. As explained fully above, a district court

must apply circuit precedent unless and until it is overruled by the circuit court. *See, e.g., Cargill, Perez,* and *Peralta, supra*.

## II. THIS COURT SHOULD NOT STAY THIS ACTION FURTHER PENDING A FUTURE APPEAL TO THE U.S. SUPREME COURT

Plaintiff asks this Court to stay this action further "in view of this still-evolving legal landscape." Dkt. No. 76 at 7. Plaintiff suggests that there *may* be a circuit split *if* the Third Circuit affirms the district court decision in *Essinital Enterprises*. Dkt. No.76 at 8. Further, Plaintiff asserts that "Counsel for Veltor Underground – the plaintiff in *Veltor Underground* – has informed Arepet's counsel that Veltor Underground intends in the very near future to file a petition for a writ of certiorari to the U.S. Supreme Court, contesting the Sixth Circuit's ruling on the same issue before the Court in this case." Dkt. No. 76 at 7. Thus, Plaintiff requests a stay of this action – which has been pending for more than two years – based on a speculative to-be-filed petition for certiorari to the U.S. Supreme Court, which does not have to be filed until February 9, 2026, Dkt. No. 76 at 7 nt.1, and which may or may not be accepted. Certiorari jurisdiction is discretionary, *see* 28 U.S.C. § 1254(1), and the Supreme Court grants certiorari "only for compelling reasons," Sup. Ct. R. 10(a); *see* Stephen M. Shapiro *et al.*, *Supreme Court Practice* § 4.2, at 240 (10th ed. 2013). As both the Fifth Circuit decision in *Seville* and the Sixth Circuit decision in *Veltor* were unanimous decisions, the Supreme Court may not find a compelling reason to grant the petition for certiorari.

The caselaw cited by Plaintiff in its Supplemental Brief states that "[d]istrict courts have 'the discretion to stay cases incidental to [their] power to control the disposition of [their] docket, including when a *pending ruling from a higher court* may affect the case at hand.'" Dkt. No. 76 at 7, citing *Tullis v. Exxonmobil Corp.*, No. 2:22-CV-00192, 2022 WL 18359154, at *9 (S.D. Tex. Dec. 2, 2022) (quoting *Bilberry v. JPMorgan Chase Bank, N.A.,* No. 1:20-CV-470-RP, 2021 WL

7

536440, at *2 (W.D. Tex. Jan. 13, 2021)), *emphasis added*. Dkt. No. 76 at 8. Critically, there is no pending ruling from a higher court that may affect the case at hand. The Fifth Circuit has ruled on the case pending before it, *Seville*, and a petition for certiorari has not yet been filed with or granted by the U.S. Supreme Court to challenge the decision issued by the Sixth Circuit in *Veltor*. Finally, even if the Third Circuit affirms the district court's decision in *Essintial*, this Court is not bound to follow that precedent as it is bound to follow the precedent set by the Fifth Circuit, as explained fully above.

## CONCLUSION

For all of the reasons above and those in Defendants' previous briefs, the Court should enter judgment in favor of Defendants and against Plaintiff and should not stay this action further.

Respectfully submitted,

**NICHOLAS J. GANJEI**
United States Attorney
Southern District of Texas

By:   *s/ Alyssa Iglesias*
**ALYSSA IGLESIAS**
Assistant United States Attorney
Southern District of Texas No.: 3610302
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Alyssa.Iglesias@usdoj.gov
Attorney in Charge for Defendants

## **CERTIFICATE OF SERVICE**

I, Alyssa Iglesias, do hereby certify that on January 9, 206, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Alyssa Iglesias*
**ALYSSA IGLESIAS**
Assistant United States Attorney