United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AREPET EXPRESS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-195 |
| | § | |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

Plaintiff Arepet Express, LLC is a logistics company that transports products throughout Texas, Oklahoma, and New Mexico. When the COVID-19 pandemic hit, Arepet obtained a $1.36 million loan from the United States Small Business Administration through the Paycheck Protection Program. Arepet used the proceeds to pay both employees and independent contractors. Later, when Arepet applied for loan forgiveness, the SBA denied forgiveness for $539,102.75, representing the amount that Arepet paid to independent contractors. Arepet then filed this lawsuit, alleging that the SBA's decision was arbitrary and capricious under the Administrative Procedures Act.

Defendants seek summary judgment, arguing that the governing statute permits the forgiveness of "payroll costs," and payments to independent contractors do not satisfy the statutory definition of such costs.[1] (MSJ, Doc. 58)

During the pendency of this litigation, the Fifth Circuit ruled that for purposes of PPP loans, payments made to independent contractors are not forgivable payroll costs. *See Seville Indus., L.L.C. v. United States Small Bus. Admin.*, 144 F.4th 740, 751 (5th Cir. 2025). Arepet

---

[1] The SBA provided the loan through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), enacted in response to the COVID-19 pandemic. With respect to the issues that the Motion raises, the relevant statutory provisions are found within 15 U.S.C. § 636(a)(36).

"acknowledges that *Seville* addresses the central legal issue in this lawsuit: the opinion holds that the CARES Act's definition of 'payroll costs' does not include payments made by PPP loan borrowers to independent contractors." (Supp. Brief, Doc. 76, 2)  The Court agrees that *Seville* governs in this case and that the decision resolves the matter in Defendants' favor.  *See Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1121 (5th Cir. 1992) ("It has been long established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts unless overruled en banc or by the United States Supreme Court.").

In its Supplemental Brief regarding the impact of *Seville*, Arepet asks this Court to defer ruling on the pending Motion, and to instead stay this litigation to await the outcome of a possible petition for writ of certiorari in response to a similar ruling by the Sixth Circuit in *Veltor Underground, LLC v. U.S. Small Bus. Admin.*, 143 F.4th 727, 739 (6th Cir. 2025), and because a possible circuit split may arise based on an appeal of a district court decision in the Third Circuit. (Supp. Brief, Doc. 76, 7)  The Court declines to stay the lawsuit.  The Fifth Circuit has decided the issue that this lawsuit raises.  Currently, the record reflects only the possibility of a petition for writ of certiorari, and only the possibility of a circuit split.  Even if the Supreme Court had already granted certiorari in *Veltor Underground*, this Court would still be bound to apply *Seville*. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).  Under these circumstances, the Court finds that no grounds warrant a stay.[2]

Accordingly, it is:

**ORDERED** that the Defendants' Combined Motion for Summary Judgment (Doc. 58) is **GRANTED**; and

---

[2] In addition, should Arepet appeal the final judgment in this matter, it would have the ability to move for the case to be held in abeyance pending the outcome of any Supreme Court cert petition. *Cf. Missouri v. Biden*, No. 24-30252, 2024 WL 4664015, at *2 (5th Cir. Nov. 4, 2024), *opinion vacated on reh'g*, No. 24-30252, 2025 WL 342855 (5th Cir. Jan. 30, 2025) (noting that the Fifth Circuit "held proceedings in abeyance pending the Supreme Court's decision" in a related matter).

**ORDERED** that Defendants are entitled to summary judgment as to all causes of action that Plaintiff Arepet Express, LLC, alleges in its Complaint (Doc. 1).

The Court will separately issue a Final Judgment.

All relief not expressly granted herein is **DENIED**.

Signed on January 14, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge